### W. H. BRADLEY v. JOHN S. KING.

**Wills—Construction.**

    The provisions of a will held to be so plain and unequivocal as not to require construction.

#### APPEAL FROM CARROLL CIRCUIT COURT.

December 12, 1873.

OPINION BY JUDGE LINDSAY:

Under the second item of the last will of John C. King, deceased, appellee, John S. King, took one hundred acres of land off the south end of the tract upon which the testator resided (to be so laid off as not to be injurious to the balance of the tract), with the privilege of waiting till his mother's death, and then, instead of taking the identical one hundred acres set apart to him by the will, of having it laid off to him out of any portion of the four hundred acres it was supposed would remain after the devise of Robt. C. King was satisfied.

In the event he waited until his mother's death, he was to take, with his sisters, because of the fact that they, as remaindermen, were entitled under the will to all the land not covered by the two devises to Robert C. and John S. King. Having exercised the privileges of postponement, upon the death of his mother, appellee

became, by operation of law, a tenant in common with his sister, Mrs. Bradley, entitled to one hundred acres of land, to be allotted to him out of the tract according to the principles of equity.

He cannot, however, take as survivor any portion of the land devised to his three sisters. It is useless to conjecture as to whether or not the testator intended equality in the division of his estate between appellee and these sisters. His language is plain and unambiguous, as to the land devised to his wife for life. Upon her death it was to be equally divided between the three daughters, Betsy Ann King, Margaret Jane King, and Mary Louisa King, and if either of them should die without issue *"the other surviving daughters* are to have the estate of the deceased daughter equally between them."* The import of this language cannot be mistaken; nothing is left for construction. The intention of the testator is manifest from what he has said in his will, and the courts have no right to consider proof tending to show that he either did not make the will he should have made, or expressed in his will an intention contrary to that which, from the circumstances surrounding him, we would assume he entertained.

The survivorship is confined to the three daughters named; and it is impossible, without disregarding the language of the will, to give the appellee the benefit of the devise made, by the third clause, to the testator's wife and daughters, except one hundred acres to be laid off to appellee as before indicated. Mrs. Bradley is entitled to all the lands involved in this controversy.

Wherefore the judgment is reversed and the cause remanded for a judgment conformable to this opinion.

*Drane, J. J. Orr, for appellant.*

*Winslow, for appellee.*